**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
Francis J. Flynn, Jr., SBN 304712
6057 Metropolitan Plz.
Los Angeles, California 90036-3211
Tele: 314-662-2836
Email: casey@lawofficeflynn.com

**ATTORNEY FOR PLAINTIFFS
AND THE PROPOSED CLASS**

Matthew D. Pearson, Bar No. 294302
mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
600 Anton Blvd, Suite 900
Costa Mesa, California 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611

[*Additional Counsel Listed on Signature Block*]

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARY SMITH, individually and on behalf of all others similarly situated** ) | **CASE NO.: 3:23-cv-00313-CRB** |
| ) | |
| **PLAINTIFFS,** ) | **JOINT STIPULATION TRANSFER ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)** |
| **v.** ) | |
| ) | |
| **SOUTHWEST AIRLINES CO.** ) | ORDER |
| ) | Action Filed:          01/22/2023 |
| **DEFENDANT.** ) | Action Served:       01/24/2023 |

Plaintiff MARY SMITH, ("Plaintiff") and SOUTHWEST AIRLINES CO.

1

("Defendant" or "Southwest"), by and through undersigned Counsel, hereby stipulate and respectfully request that this Court transfer venue of this action to the United States District Court of the Southern District of California pursuant to 28 U.S.C § 1404(a) as follows:

1.     On or about January 22, 2023, Plaintiff filed a Class Action Complaint against Southwest on behalf of "All persons in the United States who purchased tickets for travel on a Southwest Airlines flight scheduled to operate notably from June 2020 through the date of certification but including the time period allowed by the statute of limitations, and that flight was delayed or cancelled, and who were not provided a refund and reimbursed for incurred expenses as a result of the cancellation."

2.     On February 15, 2023, another class action, titled *Grove v. Southwest Airlines Co.*, Case No. 3:23-cv-00303-AJB-BLM, was filed in the United States District Court for the Southern District of California (the "*Grove* Action"). The *Grove* Action asserted the same claims that Plaintiff asserts here arising out of the same flight disruptions at issue in this case against the same defendant (i.e., Southwest).

3.     Since March 13, 2023, the Parties have been meeting and conferring about the possibility of transferring and consolidating this action with the *Grove* Action.

4.     During this meet and confer process, Plaintiff's counsel notified Southwest that Plaintiff planned to file a motion to transfer this action to the United States District Court for the Southern District of California.

5.     Southwest subsequently responded that it did not oppose transferring this action to the United States District Court for the Southern District of California.

6.     Accordingly, the Parties agreed to stipulate that this case will be

2

transferred to the to the United States District Court for the Southern District of California, pursuant to 28 U.S.C § 1404(a).

7. The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In enacting section 1404, Congress meant to give district courts the discretion to transfer cases based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

8. A district court may transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960)).

9. "[C]ourts engage in a two-step analysis for motions to transfer." *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 U.S. Dist. LEXIS 2319, at *4 (N.D. Cal. Jan. 6, 2017). First, a court determines whether the action could have been brought in the target district. *Id.* (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, if the court answers the first question in the affirmative, the court conducts an "individualized, case-by-case consideration of convenience and fairness." *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The relevant factors include: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the

3

evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Vu v. Ortho-McNeil Pharm. Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (citation omitted); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). No single factor is dispositive. *See Brown v. Abercrombie & Fitch Co.*, No. 4:13-cv-05205 YGR, 2014 U.S. Dist. LEXIS 19414, at *7 (N.D. Cal. Feb. 14, 2014).

**A. This Action Could Have Been Brought in the Southern District of California.**

10.    An action may be brought in any district court: (1) that has subject matter jurisdiction; (2) where defendant is subject to personal jurisdiction; and (3) where venue is proper. *See Hoffman*, 363 U.S. at 343-44; *see also Vu*, 602 F. Supp. 2d at 1156 (N.D. Cal. 2009). The Southern District meets all three requirements.

11.    First, the Southern District would have subject matter jurisdiction over this action. There is no dispute that  the Southern District would have subject matter jurisdiction over this action because the disruption of Southwest flights also occurred in the Southern District.

12.    Second, the Southern District would have personal jurisdiction over Defendant. There is no dispute that Defendant flies in and out of San Diego and conducts business in San Diego. San Diego falls within the jurisdiction of the Southern District, *see* 28 U.S.C. § 84(d), and therefore the Southern District would have personal jurisdiction over Defendant. *See generally Johnson v. Law*, 19 F. Supp. 3d 1004, 1009 (S.D. Cal. 2014).

13.    Third, the Southern District would be a proper venue for this action. Again, there is no dispute that some of the events giving rise to this action occurred in the Southern District. Accordingly, the Southern District would be a proper venue

*JOINT STIP. TO TRANSFER ACTION TO THE S. DIST. OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)*
*CASE NO.: 3:23-cv-00313*
4890-7464-5854.1

for this action. *See* 28 U.S.C. § 1391(b)(1)-(2).

14.     In sum, this action could have been brought in the Southern District.

**B.     The Relevant Factors Favor Transferring Venue**

15.     As explained below, the factors relevant to this Court's analysis weigh in favor of transferring this action to the Southern District of California.

16.     The Ninth Circuit has identified several factors pertinent to determining whether transfer under Section 1404(a) is appropriate. These factors include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

17.     As there is no dispute that this case could be brought in the Southern District of California, and Southwest does not oppose this motion to transfer, these considerations weigh in favor of transfer pursuant to 1404(a).

18.     Here, the other factors are either neutral or favor transfer to the Southern District of California.

(a)     **The Location Where the Relevant Agreements Were Negotiated and Executed.**

19.     The factor regarding the location where the relevant agreements were negotiated and executed is neutral as several class members entered into the agreements in both the Northern District of California and the Southern District of California.

(b)     **The State that is Most Familiar with the Governing Law.**

5

*JOINT STIP. TO TRANSFER ACTION TO THE S. DIST. OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)*
CASE NO.: 3:23-cv-00313
4890-7464-5854.1

20.    The factor regarding the state that is most familiar with the governing law is neutral as the Northern District of California and the Southern District of California are both located in California and would be equally familiar with the governing law – whether that is California or otherwise.

(c)    **The Plaintiff's Choice of Forum.**

21.    Here, Plaintiff is willing to have the case heard in the Southern District of California and has entered into a Stipulation to have the case transferred there. Since both Parties support transfer to the Southern District of California, this factor weighs in favor of transfer to the Southern District of California.

(d)    **The Respective Parties' Contacts With the Forum**

22.    The factor regarding the respective Parties' contacts with the forum is neutral as Southwest enters into contracts with class members in the Northern District and the Southern District. Additionally, some class members presumably had tickets to fly to and from the two Districts. Furthermore, Southwest is headquartered in Dallas, Texas and, according to Google, San Francisco is located further away from Dallas, Texas (1,689.7 miles) (3 hours and 25 minute flight) versus San Diego (1,358.2 miles) (2 hours and 55 minutes).

(e)    **The Contacts Relating to the Plaintiffs Cause of Action in the Chosen Forum.**

23.    The factor regarding the contacts relating to the Plaintiff's cause of action in the chosen forum is neutral as several class members entered into the agreements in both the Northern District of California and the Southern District of California. (f)    **The Differences in the Costs of Litigation in the Two Forums**.

24.    Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or be deposed. The convenience of the witnesses is often the most important factor when determining which forum would be the most

*JOINT STIP. TO TRANSFER ACTION*
*TO THE S. DIST. OF CALIFORNIA*
*PURSUANT TO 28 U.S.C. § 1404(a)*
*CASE NO.: 3:23-cv-00313*
4890-7464-5854.1

convenient. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D.Cal.2002). "[…][T]he parties' respective abilities to absorb the costs of litigation in either district is a relevant consideration. *Peterson v. Nat'l Sec. Techs., LLC*, No. 12-CV-5025-TOR, 2012 WL 3264952, at *5 (E.D.Wash. Aug. 9, 2012)(citing *Boateng v. General Dynamics Corp*., 460 F.Supp.2d 270, 275 (D.Mass.2006) ("[T]he balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it.")).

25.    Defendants would bear a relatively higher cost of litigating in the Northern District of California than in the Southern District of California since Defendant is already litigating a Related Action – the *Grove* Action - in the Southern District of California. By transferring the case to the Southern District of California, Defendant will only have to produce witnesses in California once in the Southern District of California. Furthermore, since Defendant is headquartered in Dallas, Texas, many witnesses for the lawsuit would have to fly from Dallas, Texas and Dallas, Texas is closer to the Southern District of California than it is to the Northern District of California. If the case is not transferred to the Southern District of California, Defendants would have to pay for travel, lodging, and food expenses to employees who appear as witnesses in both the Southern District of California (for the *Grove* Action) and the Northern District of California (for the instant case). Additionally, by transferring the case to the Southern District of California, Plaintiff will be able to share common litigation expenses with the Plaintiff in the *Grove* Action.  By way of one example, sharing in the cost of the deposition transcript. For these reasons and because both Parties are willing to transfer this case to the Southern District of California, this factor weighs heavily in favor of transfer to the Southern

7

District of California.

(g)    **The Availability of Compulsory Process to Compel Attendance of Unwilling Non-party Witnesses**

26.    Federal Rule of Civil Procedure 45(c)(3) provides that a court must, on a timely motion, quash a subpoena issued to any person who resides more than 100 miles away from the location at which he or she has been ordered to appear. A court's subpoena power only matters if non-party witnesses within the state will likely refuse to testify. *Ahead, LLC v. KASC, Inc.*, C13-0187JLR, 2013 WL 1747765, at \*12 (W.D. Wash. Apr. 23, 2013). Additionally, the Southern District of California is closer to Dallas, Texas where several witnesses are located.  The Parties are unaware of any unwilling witnesses that cannot be compelled to the Southern District of California and witnesses will be testifying in the Southern District of California in the related *Grove* Action anyways. As such, this factor weighs in favor of transfer.

(h)    **The Ease of Access to Sources of Proof.**

The "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009)(citation omitted). Courts have determined, however, that access to sources of proof include access the relevant witnesses. *See Ahead*, 2013 WL 1747765 at \*13 (finding that the location of the relevant witnesses and other sources of proof relevant to discussion of access to sources of proof). The Parties acknowledge that the principal witnesses are located in Dallas, Texas and the Southern District of California is closer to Dallas, Texas than the Northern District of California and Defendant will already be producing witnesses in the Southern District of California given the *Grove* Action. Thus, this factor weighs in favor of transfer to the Southern District of California.

8

*JOINT STIP. TO TRANSFER ACTION TO THE S. DIST. OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)*
*CASE NO.: 3:23-cv-00313*
4890-7464-5854.1

27.    The Parties further agreed that, upon transfer of these actions to the Southern District of but California, they will propose an agreed-upon schedule for consolidation of this action and the *Grove* Action.

## CONCLUSION

For the reasons set forth above, transfer of the case to the Southern District of California will not cause delay and, in fact, will result in this Action proceeding more efficiently and cost effectively for both Parties.  Thus, this Court, respectfully, should grant the Parties' Joint Stipulation to Transfer this Action to the Southern District of California Pursuant to 28 U.S.C. § 1404(a) to the Southern District of California.

Dated: <u>April 21, 2023</u>                              Respectfully submitted,

*/s/*    Francis J. "Casey" Flynn, Jr.            */s/*        Matthew D. Pearson (with
Francis J. "Casey" Flynn, Jr.                    *permission)*
**LAW OFFICE OF FRANCIS J.**                 Matthew D. Pearson, Bar No. 294302
**"CASEY" FLYNN, JR.**                       mpearson@bakerlaw.com
6057 Metropolitan Plz.                       **BAKER & HOSTETLER LLP**
Los Angeles, California 90036                600 Anton Blvd, Suite 900
Tele: 314-662-2836                           Costa Mesa, California 92626-7221
Email: casey@lawofficeflynn.com              Telephone: 714.754.6600
                                             Facsimile: 714.754.6611

**ATTORNEY FOR PLAINTIFF**
**AND THE PROPOSED CLASS**               Alexander Vitruk, Bar No. 315756
                                         avitruk@bakerlaw.com
Date: April 24, 2023                     **BAKER & HOSTETER LLP**
                                         ... Avenue, Suite 3900
                                         ... Washington 98104
                                         ...: 206.332.1380
                                         ...: 206.624.7317

IT IS SO ORDERED

Judge Charles R. Breyer

                                         **ATTORNEYS FOR DEFENDANT**
                                         **SOUTHWEST AIRLINES CO.**

9
***JOINT STIP. TO TRANSFER ACTION***
***TO THE S. DIST. OF CALIFORNIA***
***PURSUANT TO 28 U.S.C. § 1404(a)***
*CASE NO.: 3:23-cv-00313*
4890-7464-5854.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that, on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the e-filing system which will send notification of such filing to all attorneys of record.

                                            /s/   Francis J. "Casey" Flynn, Jr.

*JOINT STIP. TO TRANSFER ACTION*
*TO THE S. DIST. OF CALIFORNIA*
*PURSUANT TO 28 U.S.C. § 1404(a)*
*CASE NO.: 3:23-cv-00313*
4890-7464-5854.1